IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **BELISSIMO SALON & DAY SPA, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,**<br><br>Defendant. | Civil Action No. 0:20-cv-01619<br><br>COMPLAINT AND JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.   INTRODUCTION

1.     **COMES NOW**, Belissimo Salon & Day Spa, LLC ("Belissimo"), Plaintiff in the above-entitled and numbered cause, and files this Original Complaint, complaining of the acts and omission of Defendant Travelers Casualty Insurance Company of America ("Travelers") for the denial of benefits for the business interruption sustained by Belissimo as a result of quarantine, shelter-in-place, and stay-home orders issued in Minnesota and the United States. Belissimo is a salon and day spa that provides services locally. As these orders were entered, local businesses, like Belissimo, were forced to shutter their doors. Belissimo has already suffered excessive losses of revenue, has no way to pay its bills, and is left with no choice but to file for dissolution. Despite knowing that quarantine, shelter-in-place, and stay-home orders stalled Belissimo's on-going business operations, Defendant summarily denied its claim for the extensive interruption of Belissimo's business in violation of the Minnesota Insurance Industry Trade Practices Code, Section 72A.20.

## II.  PARTIES AND SERVICES

2. Plaintiff Belissimo Salon & Day Spa, LLC is a limited liability company located in Washington County, Minnesota.

3. Defendant Travelers Casualty Insurance Company of America is a corporation organized under the laws of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

4. Defendant Travelers Casualty Insurance Company of America is an admitted insurance company doing business in the State of Minnesota that, according to the Minnesota Commerce Department, may be served through its registered agent at Corporation Service Company, 2345 Rice Street, Suit 230, Roseville, MN 55113.

## III.  JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Minnesota and Connecticut and the amount in controversy exceeds $75,000, exclusive of interest and costs. Travelers is domiciled in Connecticut, its state of incorporation. 28 U.S. Code § 1332(c)(1). Plaintiff is domiciled in Minnesota, its state of incorporation. *Id*. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property which is the subject of this action is situated in the district of Minnesota.

6. This Court has specific jurisdiction over Defendant as its activities were directed toward Minnesota and injuries complained of resulted from its activities in Minnesota. Defendant has a substantial connection with Minnesota and the requisite minimum contacts with Minnesota necessary to constitutionally permit the Court to exercise jurisdiction.

## IV.  FACTUAL ALLEGATIONS

7. Plaintiff is a named insured under an Excess Follow-Form and Umbrella Liability Insurance Policy number CUP-3J659331-19-42 (the "Policy") issued by Travelers for the period of April 21, 2019 to April 21, 2020.  The Policy insures against, among other things, business income loss and disruptions caused by civil authority.  Policy No. CUP-3J659331-19-42 is attached hereto as **Exhibit A**. Plaintiff has performed all its obligations under Policy No. CUP-3J659331-19-42, including payment of premiums.

8. The Coronavirus disease was first detected toward the end of 2019, emerging in Wuhan, China. The World Health Organization proposed the nomenclature COVID-19, standing for coronavirus disease 2019.

9. On March 11, 2020, the World Health Organization characterized COVID-19 a pandemic. On March 13, 2020, a national emergency was declared in the United States of America. On March 15, 2020, the United States Centers for Disease Control and Prevention advised against gatherings of 50 or more people in the United States. The next day, the President advised citizens to avoid groups of more than 10.

10. In Minnesota, COVID-19 cases began to spike in March 2020, and a growing number of municipalities issued quarantine directives. The numbers of reported COVID-19 cases have spread throughout Minnesota counties, curtailing business, social, and economic activities throughout the State.

11. On March 13, 2020, Minnesota Governor Tim Walz issued Executive Order No. 20-01 to declare a "State of Peacetime Emergency" relating to COVID-19 preparedness and mitigation, which prohibited certain business activities in order to contain the Coronavirus. On March 16, 2020, Governor Walz issued Executive Order 20-04 calling for the closure of certain

businesses, including bars, restaurants, and spas. On March 25, 2020, Governor Walz issued Executive Order 20-18 to extend the closure of businesses and places of public accommodation. Also on March 25, 2020, Governor Walz issued Executive Order 20-20 directing Minnesotans to "Stay at Home" and to follow expanded social-distancing restrictions and other obligations.

**12.**  Plaintiff was forced to halt business operations as a result of the physical loss of its property due to the presence of COVID-19 and the state and local orders requiring that spas close. As a result of the physical loss of its property and the civil orders requiring the closure of its facilities, Plaintiff has sustained income loss and extra expenses.

**13.**  Plaintiff submitted a claim to Travelers for its loss of income and extra expenses. Without conducting any investigation into Plaintiff's claim, Travelers summarily denied the claim on March 20, 2020 in blatant violation of its duties under the Policy and under the Minnesota Insurance Standard of Conduct Code and the Minnesota Insurance Industry Trade Practices Code. *See* **Exhibit B**, Letter of Denial dated March 20, 2020

**14.**  Travelers' mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to remediate the property and continue operation of its business, which resulted and continues to result in additional loss of income and financial ruin.

## V.  CAUSES OF ACTION

**A.  BREACH OF CONTRACT**

**15.**  Plaintiff repeats and realleges each and every allegation of the Complaint as if set forth fully in this cause of action.

**16.**  Plaintiff entered into a contract with Travelers for insurance coverage, including coverage for business income and civil authority.

17. Travelers breached its contract with Plaintiff by denying coverage and denying Plaintiff's claim.

18. Plaintiff has been damaged by the breach, at a minimum, in the amount of the unpaid insurance proceeds.

19. All conditions precedent that are material to coverage for Plaintiff's claim have been performed.

**B.    VIOLATION OF THE MINNESOTA INSURANCE CODE § 72A**

20. Plaintiff repeats and realleges each and every allegation of the Complaint as if set forth fully in this cause of action.

21. Travelers misrepresented a material fact and policy provision relating to the coverage at issue in violation of MINN. STAT. § 72A.20(12) (2019). Namely, despite its knowledge that Plaintiff's business income loss was caused by the coronavirus, Travelers stated that the policy provided no coverage.

22. Travelers failed at all material times to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, after its lability had become reasonably clear, in violation of MINN. STAT. § 72A.20(12) (2019).  Travelers's liability became reasonably clear when it had notice of the widespread contamination of property by the coronavirus and issuance of executive orders prohibiting certain business activities, including the operation of spas like Belissimo.  Instead of promptly investigating and paying Plaintiff's claim, Travelers summarily denied the claim.

23. Travelers violated MINN. STAT. § 72A.20(12) (2019) by refusing to pay a claim without conducting a reasonable investigation or analysis with respect to the claim.  Travelers conducted no investigation as to Plaintiff's business income loss before it denied the claim.

24. Travelers's violated the statute knowingly.

25. Plaintiff is entitled to actual damages as well as any and all consequential damages, and statutory penalties as provided by law.

**C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

26. Plaintiff repeats and realleges each and every allegation of the Complaint as if set forth fully in this cause of action.

27. Travelers owes Plaintiff as the named insured a duty of good faith and fair dealing in connection with the investigation and resolution of claims under the policy.

28. Such duty obligated Travelers not to deny Plaintiff's claim when its liability under the policy was reasonably clear.

29. Travelers's liability to Plaintiff under the policy was reasonably clear when it denied liability. Namely, Travelers's liability was reasonably clear when it received Belissimo's claim and had notice of the widespread contamination of property by the coronavirus and issuance of executive orders prohibiting certain business activities, including spas like Belissimo.

30. Travelers violated and continues to violate its duty of good faith and fair dealing by denying liability to Plaintiff under the policy and continuing to refuse to pay Plaintiff the sums due and owing to Plaintiff under the policy. MINN. STAT. § 72A.20(12) (2019).

31. Plaintiff has suffered and will continue to suffer actual damages as a result of Travelers's breach of the duty of good faith and fair dealing.

32. Travelers's acts and omissions constituting a breach of the duty of good faith and fair dealing were and continue to be committed with actual awareness that they are wrongful and

that they are inflicting harm on Plaintiff. Travelers's violation of the duty of good faith and fair dealing is grossly negligent, malicious, and fraudulent. MINN. STAT. § 604.18 (2019).

33. Plaintiff has suffered and will continue to suffer actual damages as a result of Travelers's breach of the duty of good faith and fair dealing.

## VI.  DAMAGES

34. Plaintiff seeks the following damages:

   a. Actual damages for the full amount of property loss, business income loss, and extra expense sustained by Plaintiff as a result of the coronavirus and actions taken by civil authority;
   b. Actual damages of all amounts owed under the contract;
   c. Attorneys' fees and costs pursuant to Chapter 604.18 of the Minnesota Insurance Standard of Conduct Code and all applicable provisions of the Minnesota Insurance Industry Trade Practices Code;
   d. Penalties as provided by Sections 72A Minnesota Insurance Industry Trade Practices Code and 604.18 of the Minnesota Insurance Standard of Conduct Code;
   e. Actual damages and consequential damages caused by the Defendant's wrongful conducts, including but not limited to those damages previously described and attorneys' fees and court costs. MINN. STAT. § 604.18(3)(a).
   f. Pre- and post-judgment interest to the extent permitted by law. MINN. STAT. § 604.18.

## VII.   JURY DEMAND

35. Plaintiff hereby requests a trial by jury of all issues of fact in this case and thereby tenders the jury fee.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court render a judgment awarding it actual damages as requested herein, statutory penalties, consequential damages, attorney fees, pre-judgment and post-judgment interest and court costs, and such other and further relief to which Plaintiff may be entitled to at law and in equity.

Respectfully submtted,

By:    /s/ Gale D. Pearson

GALE D. PEARSON
Minnesota State Bar No. 244673
gpearson@fnlawfirm.com
C. BRYAN FEARS
Texas State Bar No. 24040886
fears@fnlawfirm.com
*(pro hac vice pending)*
N. MAJED NACHAWATI
Texas State Bar No. 24038319
mn@fnlawfirm.com
*(pro hac vice pending)*
MATTHEW R. MCCARLEY
Texas State Bar No. 24041426
mccarley@fnlawfirm.com
*(pro hac vice pending)*
S. ANN SAUCER
Texas State Bar No. 00797885
asaucer@fnlawfirm.com
*(pro hac vice pending)*
MISTY A. FARRIS
Texas State Bar No. 00796532
mfarris@fnlawfirm.com
*(pro hac vice pending)*
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

**ATTORNEYS FOR PLAINTIFF**